

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 9008 | **DATE** | 7/23/2002 |
| **CASE TITLE** | Biovail Laboratories, Inc. vs. Torpharm, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, Torpharm's motion to strike plaintiffs' jury demand is granted. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 25 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 40 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 24 PH 3:11 | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BIOVAIL LABORATORIES, INC., a corporation of Barbados, and TWFC, INC., a Delaware corporation | ) ) ) ) | |
| Plaintiffs, | ) ) No. 01 C 9008 ) | **DOCKETED** JUL 2 5 2002 |
| v. | ) Wayne R. Andersen ) District Judge | |
| TORPHARM, INC., a Canadian corporation, | ) ) ) Magistrate Judge Edward A. Bobrick ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on the motion of Torpharm, Inc. to strike plaintiffs Biovail Laboratories Inc.'s and TWFC Inc.'s jury demand. For the reasons articulated below, the motion to strike the jury demand is granted.

## BACKGROUND

Plaintiffs TWFC, Inc., and Biovail Laboratories, Inc. (jointly "plaintiffs") are the owner and beneficial owner respectively of U.S. Patent Nos. 5,286,497, 5,439,689, and 5,470,584. These patents cover the heart drug diltiazem hydrochloride, which is also known by its trade name, Cardizem CD. Defendant Torpharm, Inc. filed an Abbreviated New Drug Application ("ANDA") seeking approval by the Food and Drug Administration ("FDA") to market a generic version of diltiazem hydrochloride. As part of the ANDA, defendant submitted a Paragraph IV Certification stating that it believed that the three patents in suit would not be infringed. See 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

In response to Torpharm's filing of the ANDA and Paragraph IV Certification, plaintiffs

filed the present lawsuit under the Patent Infringement Act, 35 U.S.C. § 271, *et seq*. Section 271 (e)(2)(A) of the Act provides that "it shall be an act of infringement" to file an ANDA for a drug claimed in a patent when "the purpose of such a submission is to obtain approval under [the Hatch Waxman Act] to engage in the commercial manufacture, use, or sale of a drug...claimed in a patent or the use of which is claimed in a patent before the expiration of such a patent." 35 U.S.C. § 271(e)(2)(A). Plaintiffs do not contend that Torpharm has yet engaged in the commercial manufacture, use, offer of sale, or sale within the United States or importation into the United States of the generic diltiazem hydrochloride product.

Torpharm has now moved to strike plaintiffs' jury demand on account of plaintiffs' purely equitable claims for relief. Plaintiffs contend, on the other hand, that damages are a potential remedy in this case and thus a right to a jury trial presently exists.

## DISCUSSION

The Seventh Amendment to the United States Constitution provides that, "[i]n Suits at common law,...the right of trial by jury shall be preserved." U.S. Const. Amend. VII. Whether a cause of action qualifies as a suit at common law hinges on the two-part test advocated in Tull v U.S., 481 U.S. 412, 417 (1987). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 417-418 (citations omitted). The Supreme Court has instructed that lower courts should weigh the second part of the test more heavily than the first part. Id.

In the present action, the plaintiffs are suing for patent infringement under 35 U.S.C. § 271(e)(2)(A). In its motion to strike plaintiffs' jury demand, Torpharm argues that plaintiffs are only entitled to equitable relief and, therefore, they have no right to a jury trial. In support of this

2

argument, Torpharm relies on two cases recently decided in this district. In Pfizer, Inc. v. Novopharm Ltd., 2001 WL 477163 (N.D. Ill. 2001), Judge Kocoras granted a defendant's motion to strike a jury trial demand. The plaintiff, Pfizer, argued that a legal issue warranting a jury trial existed because Torpharm had raised an affirmative defense concerning invalidity of the patent. Judge Kocoras disagreed with this argument by concluding that, "[w]e are of the view that, in an action under § 271(e)(2) predicated solely on the filing of a Paragraph IV ANDA and the likely future infringement that will occur if that ANDA is approved, the issues before the court are purely equitable; the presence of an affirmative defense of invalidity does nothing to change this characterization." Id. at *4. In the case at bar, just as in Pfizer, plaintiffs have brought an action under Section 271(e)(2) based on the filing of a Paragraph IV ANDA. Here, however, Torpharm does not raise the issue of patent invalidity; instead it argues that the patents were not infringed.

In addition to Pfizer, Torpharm relies on another related decision from this district to support its motion. See Glaxo v. Apotex, Inc., 2001 WL 1246628 (N.D. Ill. 2001). In Glaxo, the defendant, Apotex., Inc. demanded a jury trial in an infringement action because it raised the affirmative defenses of invalidity and noninfringement, and it asserted a counterclaim against Glaxo for declaratory judgment based on invalidity and noninfringement. Id. at *1. Plaintiff Glaxo moved to strike the jury demand and the Court agreed with Glaxo. In so holding, Judge Gettleman explained that he "agrees with the analysis in Pfizer that an action brought pursuant to 271(e)(2) is inherently equitable in nature, and that the remedies are limited accordingly." Id. at *5. These cases strongly support Torpharm's argument that a right to a jury trial does not exist in the present action.

Plaintiffs argue that both Glaxo and Pfizer misconstrue the damages remedy available under Section 271(e)(2)(A). Both Pfizer and Glaxo state that the statute precludes damages except when a defendant has already engaged in the commercial manufacture, use, or sale of the drug *without* FDA approval. See Pfizer, 2001 WL 477163, at *3, Glaxo, 2001 WL 1246628, at

3

*4. Plaintiffs interpret the Pfizer and Glaxo courts' reasoning as directly contrary to the statute. The statute specifically states that "damages or other monetary relief may be awarded against an infringer only if there has been commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an *approved* drug." 35 U.S.C. § 271(e)(4)(C) (emphasis added). However, a closer inspection of Glaxo and Pfizer demonstrates that those decisions are in fact consistent with the statute. Section 271(e)(4)(C) bars the manufacture, use or sale of a drug that has been approved by the FDA if the manufacturer has infringed upon another's patent. The language in Pfizer and Glaxo appropriately interprets the statute as barring the manufacture, use or sale of the drug in those rare instances when there is no specific approval to do so by the FDA.

Plaintiffs also contend that despite the language of Pfizer and Glaxo, they still may be awarded damages and thus are entitled to a jury trial. Plaintiffs are correct in stating that a patentee may be entitled to a jury trial when damages can be awarded. However, Section 271 (e)(4)(C) is explicit when it states that damages are awarded "only if there has been commercial manufacture, use, offer to sell, or sale within the United States..." 35 U.S.C. § 271(e)(4)(C). Significantly, at this point in the case, Torpharm has not engaged in any of the activities listed in Section 271(e)(4)(C). Torpharm has only submitted a Paragraph IV Certification, which functions as a "technical" act of infringement in order to "provide[] patentees with a defined act of infringement sufficient to create case or controversy jurisdiction to enable a court to promptly resolve any dispute concerning infringement and validity." Pfizer at *3. Merely because some patent infringement actions may have been entitled to jury trials does not mean that all patent infringement actions have a right to a jury trial. No activities have yet occurred that would entitle the plaintiffs to damages in the present suit.

Admittedly, a small chance does exist that Torpharm's ANDA will obtain approval by the FDA and it will begin to manufacture diltiazem hydrochloride prior to trial, thereby potentially

4

warranting damages. Under the relevant statutes, the FDA must suspend approval of the ANDA for a maximum of thirty months, or until the court rules. See 21 U.S.C. § 355(j)(4)(B)(iii)(I)-(III), 35 U.S.C. § 271(e)(4)(A). If a trial takes place after the thirty months have expired, the ANDA may be approved prior to the trial. Additionally, plaintiffs point out that Torpharm may offer to sell the drug prior to the trial, in violation of Section 271(e)(4)(C). However, at this point in the proceedings, none of this has occurred. Should this action go to trial after the thirty month period has elapsed and Torpharm has started to manufacture, market or sell diltiazem hydrochloride, the possibility of damages would then exist. If that situation arises, plaintiffs can request leave to file an amended complaint with a jury demand.

Accordingly this Court concurs with the reasoning of the Pfizer and Glaxo courts. In the present case, there has been no manufacture, use, sale, or offer of sale of diltiazem hydrochloride by Torpharm. As such, this action, brought before the Court pursuant to Section 271(e)(2)(A), is entirely equitable, and the remedies are limited accordingly. Therefore, we find that neither party has a Seventh Amendment right to a jury trial.

## CONCLUSION

For the foregoing reasons, Torpharm's motion to strike plaintiffs' jury demand is granted.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 23, 2002