# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 9008 | **DATE** | 11/21/2002 |
| **CASE TITLE** | Biovail Laboratories, Inc. et al vs. Torpharm, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The plaintiff's motion to dismiss [35-1] for misjoinder pursuant to FRCP 21 is granted. TWFC is hereby dismissed as a plaintiff in this action.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | **NOV 2 6 2002** date docketed | 59 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | |
| | Copy to judge/magistrate judge. | 02 NOV 25 AM 8:46 | date mailed notice |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BIOVAIL LABORATORIES, INC., a corporation of Barbados, and TWFC, INC., a Delaware corporation, | ) ) ) ) | **DOCKETED** NOV 2 6 2002 |
| Plaintiffs, | ) ) | No. 01 C 9008 |
| v. | ) ) ) | Wayne R. Andersen District Judge |
| TORPHARM, INC., a Canadian corporation, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of plaintiff and counter-defendant TWFC, Inc. to dismiss it from this action for misjoinder pursuant to Federal Rule of Civil Procedure 21. For the following reasons, the motion to dismiss for misjoinder is granted.

## BACKGROUND

Before 1991, the predecessor-in-interest of plaintiff TWFC, Inc. ("TWFC") received approval from the United States Food and Drug Administration ("FDA") to manufacture and sell a drug commonly known as Cardizem CD. This same predecessor-in-interest listed the following patents it owned in the FDA's book of Approved Drug Products With Therapeutic Equivalence Evaluations: Nos. 5,286,497; 5,439,689; and 5,470,584 (the "patents-in-suit"). On December 31, 2000, plaintiff Biovail Laboratories, Inc. ("Biovail") acquired from TWFC the beneficial rights to market Cardizem CD. Pursuant to an assignment agreement between TWFC and Biovail, Biovail was to become the legal owner of the patents-in-suit on December

31, 2001.

Before Biovail became the legal owner of the patents-in-suit, TorPharm, Inc. ("TorPharm") filed an Abbreviated Drug Application ("ANDA") to market a generic version of Cardizem CD. *See generally Biovail Labs., Inc. v. TorPharm, Inc.*, 2002 WL 1732372, at *1 (N.D. Ill. July 25, 2002). Because Biovail had not yet acquired the legal interest in Cardizem CD, it determined that TWFC needed to be joined as a plaintiff in the instant patent infringement action. On November 21, 2001, fewer than two months before legal ownership of the patents-in-suit vested in Biovail, the instant lawsuit was filed in this Court with Biovail and TWFC as co-plaintiffs.

After Biovail filed the patent infringement suit, but before TorPharm filed the declaratory judgment counterclaim against Biovail and TWFC, TWFC formally assigned its interests in the patents-in-suit to Biovail on December 20, 2001. Subsequently, TWFC filed the instant motion asserting that it should be dismissed from this action because it no longer had any interest in the patents-in-suit.

## DISCUSSION

Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. The primary purpose of Rule 21 is to cure situations in which parties have been misjoined. Typically, if a litigant is neither a proper nor an indispensable party, dismissal for misjoinder pursuant to Rule 21 is appropriate. *See Proctor & Gamble Co. v. Kimberly-Clark Corp.*, 684 F. Supp. 1403, 1407 (N.D. Tex. 1987). What we must decide in this motion is whether TWFC's assignment of its interest in the

patents-in-suit to Biovail nullifies its status as an indispensable party in this lawsuit. We conclude that it does.

It is well-settled that the owner of a patent is generally a necessary and indispensable party in an action charging an infringement of that patent. *See Shima American Corp. v. S.M. Arnold, Inc.*, 1989 WL 65014, at *2 (N.D. Ill. June 7, 1989); *Pure Food Products, Inc. v. American Bakeries Co.*, 176 U.S.P.Q. 233, 234 (N.D. Ill. 1972). A corollary to this rule is that, "in the event of a complete assignment of title to a patent, only the assignee of the patent or the assignee's exclusive licensee has standing to claim protection rights under the patent." *Gilson v. Republic of Ireland*, 606 F. Supp. 38, 41 (D.D.C. 1984), *aff'd* 787 F.2d 655 (D.C. Cir. 1986); *see also Waterman v. MacKenzie*, 138 U.S. 252, 255, 11 S.Ct. 334 (1891); *Michod v. Walker Magnetics Group, Inc.*, 115 F.R.D. 345, 346 (N.D. Ill. 1987). So, if TWFC effected a complete assignment of its rights in the patents-in-suit to Biovail, then TWFC no longer has a sufficient interest in this case to justify its continuing presence as a co-plaintiff.

However, in its response to the motion to dismiss, TorPharm has argued that the December 20, 2001 agreement between TWFC and Biovail did not constitute a complete assignment of its interest because TWFC purportedly retained certain rights in the patents following the agreement. We disagree. The rule for determining whether an agreement between two parties is an assignment (which transfers all rights to the assignee) or a license (in which the licensor retains substantial rights in the patents and, thus, is an indispensable party to a patent infringement suit) was announced by the Supreme Court in the *Waterman* case. The Court stated: "Whether a transfer of a particular right or interest under a patent is an

3

assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions." *Waterman*, 138 U.S. at 256; *see also Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001) ("[t]o determine whether an agreement constitutes just an exclusive license or instead also transfers 'all substantive rights' in a patent, we must ascertain the intention of the parties and examine the substance of what was granted by the agreement.").

In this case, the language of the agreement evidences a clear intent by TWFC to transfer all of its legal rights in the patents-in-suit to Biovail. Specifically, the agreement states that TWFC would "sell[], assign[], transfer[], convey[] and deliver to Assignee all of its legal right, title and interest in and to the Patents free and clear of all liens, claims, charges or encumbrances other than Permitted Encumbrances." In our estimation, this is an unequivocal declaration on TWFC's part that it intended to renounce all legal interest in the patents-in-suit and that title to the patents would vest in Biovail. Our view is consistent with many other courts which have similarly concluded that language, such as that present in the patent agreement, constituted an assignment. *See, e.g., Kronos, Inc. v. AVX Corp.*, 1992 WL 300812, at *1 (W.D.N.Y. March 12, 1992) ("[Kronos] agrees to sell, assign and transfer, and does hereby sell, assign and transfer, unto [TAM] the entire right, title and interest of [Kronos] in and to each and all of the patents"); *Proctor & Gamble*, 684 F. Supp. at 1405 (concluding that "[t]he legal effect of the addendum is to assign Raychem's 'entire right, title and interest' in the Althouse patent"); *Irving Air Chute Co. v. Switlik Parachute & Equip. Co.*, 26 F. Supp. 329, 330 (D.N.J. 1939) ("Switlik Manufacturing Company has and by these presents does, sell, assign and transfer unto said Switlik Parachute & Equipment, its

4

successors and assigns, the entire right, title, and interest in and to said Letters Patent aforesaid").

Nevertheless, TorPharm insists that, despite the definitive language of the agreement, TWFC retained a substantial interest in the patents-in-suit after the assignment agreement was executed. Specifically, TorPharm argues that the "Permitted Encumbrances" referenced in the text of the agreement provide TWFC with a residual interest in the patents. We disagree. Though the term "Permitted Encumbrances" is not defined in the assignment agreement, TWFC has provided a reasonable explanation of what these encumbrances are and what effect they have on the respective rights TWFC and Biovail have in the patents-in-suit. In its reply brief to the motion to dismiss, TWFC has asserted that the term "Permitted Encumbrances" refers to a "schedule of conditions - preexisting third party rights and liabilities imposed by law - that Biovail acknowledged as being restrictions to the quanta of rights received under the agreement . . . None of the conditions provide that TWFC shall retain any right or interest in the patents-in-suit." (Reply Brief at 3-4.) Based on this representation to the Court, we conclude that TWFC did not retain any meaningful interest in the patents-in-suit following the assignment agreement and that the intended effect of the agreement was for TWFC to transfer the entire bundle of its rights in the patents to Biovail. Therefore, TWFC is not an indispensable or necessary party to this lawsuit and it should be dismissed.

The facts and legal issues presented in this case are almost identical to the *Proctor & Gamble* case from the Northern District of Texas. In *Proctor & Gamble*, the defendant filed a counterclaim against Raychem Corporation, which had assigned its rights in the patent-in-suit to the plaintiff Proctor & Gamble, because it felt Raychem continued to have a financial and

legal interest in the patent. 684 F. Supp. at 1404. Raychem moved to dismiss the counterclaim against it on the grounds that it no longer held an interest in the patent following the assignment of its rights to Proctor & Gamble. After determining that the patent agreement between Raychem and Proctor & Gamble was an assignment under the *Waterman* rule, the court granted Raychem's motion to dismiss. *See id.* at 1404-1406. Specifically, the court stated:

> A party which assigns all of its rights and interests under a patent should not be compelled to litigate an infringement action merely because it was the patent owner on the day suit was filed and for a few days thereafter. A party which divests itself of all of its interest in a patent does not have a sufficient stake in the outcome of the controversy to require that it remain a party. Any other result would exalt form over substance.

*Id.* at 1407. Furthermore, the court faced a situation in which the patent agreement provided that the assignor would retain certain financial interests in the patent following assignment. In response to the defendant's argument that these financial interests negated the creation of an assignment, the court disagreed and stated that "[c]ourts have repeatedly held that an assignor's reservation of certain financial or other rights did not make the assignment incomplete or ineffective." *Id.* at 1405 (citing *Waterman*, 138 U.S. at 257-58).

The case before us is very similar to what the court faced in *Proctor & Gamble*. Both cases involve a patent infringement suit in which, at the time the suit was actually filed, an assignment agreement had not been fully executed. Consequently, the defendants in these two suits argued that the assignor of the patent was an indispensable and necessary party to the infringement action. Furthermore, both assignment agreements contained provisions which reserved some minor financial or legal interest in the patents to the assignor. Therefore, in

6

evaluating the legal arguments raised by TorPharm in the case at bar, we find the court's reasoning in *Proctor & Gamble* very persuasive and we adopt it as our own. It is clear that TWFC has no stake in the underlying infringement suit between Biovail and TorPharm because it has no interest in the patents which are at issue. Accordingly, as in *Proctor & Gamble*, the assignor of the patent is dismissed.

Interestingly, it appears that the primary reason TorPharm wants TWFC in this suit is for discovery purposes. We are uncomfortable with the idea of keeping TWFC in this case only to facilitate TorPharm's discovery inquiries. After it is dismissed from this lawsuit, TWFC has agreed to cooperate with discovery under Federal Rule of Civil Procedure 45. Additionally, TWFC has agreed in its reply brief to answer depositions by written questions, accept service of all subpoenas, produce employees for depositions near or at their work-place, and produce some witnesses for trial. This should be sufficient to provide TorPharm with the information it needs to defend against Biovail's infringement action.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to dismiss for misjoinder pursuant to Federal Rule of Civil Procedure 21 is granted. TWFC is hereby dismissed as a plaintiff in this action.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 21, 2002