# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 9008 | DATE | 5/23/2003 |
| CASE TITLE | Biovail Laboratories, Inc. vs. Torpharm, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion for partial judgment is [55-1] denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ☐ | No notices required, advised in open court. | | Document Number |
| ☐ | No notices required. | number of notices | |
| ☐ | Notices mailed by judge's staff. | MAY 29 2003 | 92 |
| ☐ | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ☐ | Mail AO 450 form. | | |
| ☐ | Copy to judge/magistrate judge. | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BIOVAIL LABORATORIES, INC., a Corporation of Barbados,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>TORPHARM, INC., a Canadian corporation,  )<br>)<br>Defendant.  ) | No. 01 C 9008<br><br>Wayne R. Andersen MAY 2 9 2003<br>District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the defendant TorPharm, Inc. for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the motion for partial judgment is denied.

## BACKGROUND

This is the third pre-trial motion we have been asked to consider in this case. For a complete historical discussion, please see our earlier rulings. *See Biovail Labs, Inc. v. TorPharm, Inc.*, 2002 WL 31687610 (N.D. Ill. Nov. 26, 2002); *Biovail Labs, Inc. v. TorPharm, Inc.*, 2002 WL 1732372 (N.D. Ill. July 25, 2002).

The motion currently before the Court involves the adequacy of certain representations made by the defendant TorPharm, Inc. ("TorPharm"), a manufacturer of generic drugs, to the U.S. Food and Drug Administration ("FDA") with respect to an Abbreviated New Drug Application ("ANDA") it had filed with the FDA. Plaintiff Biovail Laboratories, Inc. ("Biovail") is the patent holder for a heart drug known by the trade name Cardizem CD. In its ANDA,

TorPharm sought approval from the FDA to market a generic version of Cardizem CD. In order to do that, a generic drug manufacturer must first determine if any patents exist on a particular pharmaceutical product, when those patents expire, whether the proposed product would infringe any of the product patents, or whether the patent may be invalid.

When a drug manufacturer files an ANDA for a generic drug with the FDA, the manufacturer must make a certification to the FDA concerning the patents implicated by the generic drug application. *See* 21 C.F.R. § 314.94(a)(12)(vi). The Food, Drug, and Cosmetic Act requires the applicant to certify one of the following:

> (I) that such patent information has not been filed by the patentee
>
> (II) that such patent has expired
>
> (III) the date on which the patent will expire
>
> (IV) that such patent is invalid or that it will not be infringed by the manufacture, use or sale of the new drug for which the ANDA is submitted (a "paragraph IV certification")

21 U.S.C. § 355(j)(2)(A)(vii)(I)-(IV).

Inclusion of a paragraph IV certification of non-infringement in an ANDA is considered a "technical" act of infringement under the patent laws and provides the court with jurisdiction to decide issues of actual infringement and validity of the patents-in-suit. *See* 35 U.S.C. § 271(e)(2)(A). Of particular importance in this case, when the ANDA applicant makes a paragraph IV certification, the applicant must provide the listed patent owner with notice of the ANDA filing. The patent owner then must commence a patent infringement action against the ANDA applicant within forty-five days of receiving the notice, or else approval of the ANDA

"shall be effective immediately" if the ANDA meets all applicable scientific and regulatory requirements. *See* 21 U.S.C. § 355(j)(2)(B).

In this case, as part of the ANDA process, TorPharm provided the FDA with a paragraph IV certification stating the reasons why its proposed generic version of the heart drug did not infringe on Biovail's patents. TorPharm also notified Biovail, as the owner of the patents-in-suit, of the ANDA filing in a written letter dated October 4, 2001.

As contemplated in the statute, on November 21, 2001, Biovail filed the instant patent infringement suit to prevent the immediate FDA approval of TorPharm's ANDA. At issue in this particular motion, Biovail alleged in paragraphs 14, 18, and 29 of its complaint that TorPharm's October 4, 2001 letter did not comply with the notification requirements of Section 355(j)(2)(B) of the Food, Drug, and Cosmetic Act. Additionally, paragraphs A and B of Biovail's Prayer for Relief seek a judgment that TorPharm's letter notifying Biovail of the ANDA filing was legally deficient. TorPharm has filed the instant motion for partial judgment on the pleadings in response to these portions of the complaint.

## DISCUSSION

A motion for partial judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Judgment pursuant to Rule 12(c) is appropriate when "it appears beyond doubt that the plaintiff cannot prove any [set of] facts that would support his claim for relief." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)). In considering a 12(c) motion, the Court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Forseth*, 199 F.3d at

368. The Court need not, however, accept as true conclusional legal allegations that the facts do not support. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 978 (7th Cir. 1999) (12(b)(6) motion); *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F. Supp. 1089, 1098 n. 11 (N.D. Ill. 1991).

This motion presents two very different, yet equally persuasive, arguments concerning how this Court should address Biovail's allegations that TorPharm's paragraph IV notification was legally inadequate. First, TorPharm has asserted in its motion that it is entitled to judgment as a matter of law on the notification portions of the complaint because the Federal Circuit has recently ruled that district courts do not have the authority to hear such arguments in the context of a patent infringement complaint. *See Minnesota Mining and Mfg. Co. v. Barr Labs, Inc.*, 289 F.3d 775 (Fed. Cir. 2002).

In *Barr Labs*, a patent holder, 3M, filed an infringement action against a secondary ANDA filer alleging that a proposed generic drug infringed on 3M's patent. *See Barr Labs*, 289 F.3d at 779. As part of the complaint, 3M alleged that the secondary ANDA filer, defendant Barr Labs, failed to provide it with adequate notification of the ANDA filing as required by Section 355(j)(2)(B) of the Food, Drug, and Cosmetic Act. *See id.* at 781. Section 355(j)(2)(B) mandates the type of notification that must be provided to a patent holder once a ANDA applicant has filed a paragraph IV certification. Citing its existing precedent, the Federal Circuit held that "§ 355(j)(2)(B) cannot be enforced by a private party in a patent infringement action, but must be enforced, if at all, only in the context of an action under the Administrative Procedures Act, 5 U.S.C. §§ 702-706." *Id.* at 777 (citing *Andrx Pharm., Inc. v. Biovail Corp.*, 276 F.3d 1368, 1379 (Fed. Cir. 2002); *Mylan Pharm., Inc. v. Thompson*, 268 F.3d 1323, 1332 (Fed. Cir. 2001)). Later in the opinion, the court summarized its holding on this point by stating

that "[w]e hold only that if there is an issue as to compliance with § 355(j)(2)(B), that question is not to be decided by the district court in an infringement suit." *Id.* at 784 n. 5 (emphasis added).

TorPharm has argued in its motion that the Federal Circuit's ruling in *Barr Labs* compels judgment in its favor on those portions of the complaint challenging the substance of its notification to Biovail of the ANDA filing. TorPharm raises a very good point. It is clear from the face of the complaint that Biovail is seeking, as part of its larger patent infringement suit, private relief for TorPharm's alleged failure to comply with Section 355(j)(2)(B)'s notification requirements. For example, in paragraph 14 of the complaint, Biovail states that it is "entitled to an Order that TorPharm's October 4, 2001 letter does not comply with and does not constitute the notice defined by 21 U.S.C. § 355(j)(2)(B)(ii) . . . ." (Complt. at ¶ 14.) Identical allegations are made in paragraphs 18 and 22 as well as in paragraphs A and B in the Prayer for Relief. The Federal Circuit's unambiguous holding in *Barr Labs* makes it clear that Biovail's allegations in these paragraphs are not cognizable by this Court.

However, as Biovail has correctly argued in its response to the motion for partial judgment on the pleadings, TorPharm is not entitled to the exact relief it is seeking in its motion. As was eluded to above, the allegations regarding the adequacy of the notification TorPharm sent Biovail of the ANDA filing were contained within a larger, more general patent infringement count. It is because of this fact that TorPharm's motion, as crafted, must be denied. It is well-settled in this circuit that under the Federal Rules of Civil Procedure, a judgment may not be entered on a portion of a single claim in a suit. *See Biggins v. Oltmer Iron Works,* 154 F.2d 214, 216 (7th Cir. 1946); *Newman-Green, Inc. v. Alfonzo-Larraine R.,* 612 F. Supp. 1434, 1439 (N.D. Ill. 1985); *Capitol Records, Inc. v. Progress Record Distrib., Inc.,* 106 F.R.D. 25, 28 (N.D. Ill. 1985). While this may appear to be form over substance, this principle is nevertheless grounded

in the literal text of the Federal Rules. Thus, we agree with Biovail that TorPharm is not entitled to judgment on the pleadings on individual paragraphs 14, 18, 22, A, and B. To do so would constitute a judgment on only a portion of a single claim and, thus, would violate the clear precedent of this circuit.

What, then, are we to do in this case? On one hand, Biovail is correct that the actual relief TorPharm seeks in its motion is unavailable because we cannot grant judgment on only a portion of a claim. Yet, on the other hand, TorPharm is also correct that binding Federal Circuit precedent makes any cause of action to recover for an inadequate notification of a paragraph IV certification in a patent infringement suit not cognizable in this Court. Thankfully, the Federal Rules of Civil Procedure provide an answer to this problem

Rule 12(f) permits a district court, on its own motion, to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Because the Federal Circuit's ruling in *Barr Labs* has the effect of stripping this Court of the authority to consider the Section 355(j)(2)(B) inadequate notification portions of Biovail's complaint, those sections of the complaint are "immaterial" for purposes of our future consideration of the underlying patent infringement action. Therefore, on our own motion, we will strike paragraph 14 of Count I, paragraph 18 of Count II, and paragraph 22 of Count III of the complaint as well as paragraphs A and B of the Prayer for Relief.

## CONCLUSION

For the foregoing reasons, the defendant's motion for partial judgment on the pleadings is denied. However, on the Court's own motion, paragraphs 14, 18, and 22 of the complaint and paragraphs A and B of the Prayer for Relief are stricken as immaterial pursuant to Federal Rule of Civil Procedure 12(f). Discovery is to continue before Magistrate Judge Bobrick on the patent infringement issues.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: May 23, 2003